1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  kyoumans@seyfarth.com
   David D. Kadue (SBN 113578)
3  dkadue@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  SEYFARTH SHAW LLP
   Timothy M. Rusche (SBN 230036)
7  trusche@seyfarth.com
   Emily E. Schroeder (SBN 274257)
8  eschroeder@seyfarth.com
   333 S. Hope Street, Suite 3900
9  Los Angeles, California 90071
   Telephone: (213) 270-9600
10 Facsimile: (213) 270-9601

11 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

12

13                    UNITED STATES DISTRICT COURT

14                    SOUTHERN DISTRICT OF CALIFORNIA

15

16 DOUGLAS THOMPSON, on behalf of        Case No.  '14 CV 2778 CAB WVG
   himself and all others similarly situated, and
17 on behalf of the general public        NOTICE BY DEFENDANT,
                                          COSTCO WHOLESALE
18              Plaintiff,                 CORPORATION, OF REMOVAL OF
                                          CIVIL ACTION TO UNITED
19         v.                             STATES DISTRICT COURT

20 COSTCO WHOLESALE CORPORATION,          Superior Court of the State of California,
   and DOES 1-100,                        County of San Diego, Case No. 37-2014-
21                                        00035493-CU-OE-CTL
                Defendants.
22

23

24

25

26

27

28

                          COSTCO'S NOTICE OF REMOVAL
   18470397v.5

1    **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN**
2    **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF**
3    **RECORD:**

4           PLEASE TAKE NOTICE that Defendant, Costco Wholesale Corporation, hereby
5    removes the above-referenced action from the Superior Court of the State of California
6    for the County of San Diego, to the United States District Court for the Southern District
7    of California, asserting (1) original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) (the
8    Class Action Fairness Act of 2005 ("CAFA")) and (2) removal jurisdiction under 28
9    U.S.C. §§ 1441(a) and 1446. Removal is proper for the following reasons.

10                                    **BACKGROUND**

11          1.     The Plaintiff, Douglas Thompson, sued Costco and Does 1 through 100 on
12   October 17, 2014, in the Superior Court of the State of California for the County of San
13   Diego, Case No. 37-2014-00035493-CU-OE-CTL (the "Complaint"). Plaintiff effected
14   service by serving Costco's agent of service, CT Corporation, on October 21, 2014.
15   **See Exhibit A**.

16          2.     The Complaint is on behalf of Plaintiff and all hourly workers Costco has
17   employed in California during the limitations period (Complaint ¶ 33). The proposed
18   subclasses are as follows.

19          (a)    All hourly workers not paid wages. Complaint ¶ 33.
20          (b)    All hourly workers subject to an automatic deduction of 30 minutes for meal
21                 breaks. Complaint ¶ 33.
22          (c)    All hourly workers denied rest breaks and rest premium pay.
23                 Complaint ¶ 33.
24          (d)    All hourly workers denied meal breaks and meal premium pay.
25                 Complaint ¶ 33.
26          (e)    All hourly workers willfully denied timely termination pay. Complaint ¶ 33.
27          (f)    All drivers not paid for all hours worked. Complaint ¶ 33.

28

1

18470397v.5

(g)   All drivers not paid at the "legal piece overtime rate." Complaint ¶ 33.

(h)   All drivers not provided paid rest breaks. Complaint ¶ 33.

Costco denies that Plaintiff and the proposed classes are entitled to anything by the Complaint, but treats his allegations as true for purposes of this notice of removal.

3.     Plaintiff asserts class-wide claims for (1) wage theft, (2) failure to pay overtime premium wages, (3) failure to pay all wages due, (4) failure to provide meal breaks, (5) failure to provide rest breaks, (6) failure to provide accurate itemized wage statements, (7) failure to pay all earned wages, (8) conversion, (9) fraud, (10) unjust enrichment, (11) waiting time penalties, and (12) unfair business practices. He seeks compensatory and special damages, penalties, restitution, interest, attorneys' fees, and "other and further relief as the Court deems just and proper." See Complaint, Prayer at pp. 32-33.

## CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

4.     As set forth below, this action is properly removable, under 28 U.S.C. § 1441(a), as this Court has original jurisdiction over the action under CAFA. 28 U.S.C. §§ 1332(d)(2) & (d)(6); 28 U.S.C. § 1332(d)(5)(B). CAFA's provisions require (A) a class size of at least 100 members, (B) at least one plaintiff and one defendant that are citizens of different states, and (C) an aggregate amount in controversy exceeding $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Each element appears here.

**A.     The Class Size**

5.     The number of putative class members exceeds 100, as required by 28 U.S.C. § 1332(d)(5)(B). See Declaration of Patrick Callans ("Callans Dec.") ¶ 8 (indicating at least 28,000 putative class members employer each two-week period).

**B.     Citizenship of the Parties**

6.     *Plaintiff's Citizenship.* To establish citizenship for diversity purposes, a natural person must be (a) a citizen of the U.S. and (b) a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is

2

18470397v.5

1   prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514,

2   520 (10th Cir. 1994). Based on information from Plaintiff's personnel file, which

3   includes information he submitted to Costco throughout the course of his employment,

4   Plaintiff has, without exception, listed a California address as his current address, which

5   demonstrates "an intent to remain" in California and establishes domicile in California.

6   Callans Dec. ¶ 10; Complaint ¶ 24. Neither Plaintiff nor Plaintiff's counsel has provided

7   a different address or expressed any intention that Plaintiff does not intend to remain

8   domiciled in California. Thus, Plaintiff has, at all relevant times, resided in the State of

9   California. And he is, and was at the time of the filing of this action, a citizen of the

10  United States and California.

11          7.      *Costco's Citizenship*.

12          a.      Under 28 U.S.C. § 1332(c), a corporation shall be deemed to be a

13  citizen of every State by which it has been incorporated and of the State where it has its

14  principal place of business. One determines a corporation's principal place of business

15  with the "nerve center" test. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Under the

16  "nerve center" test, a corporation's principal place of business is where its "officers

17  direct, control and coordinate the corporation's activities." *Id.* at 92. A corporation

18  typically directs and coordinates its activities from its headquarters. *Id.*

19          b.      Costco is now, and ever since this action commenced has been, a

20  corporation incorporated under the laws of the State of Washington, where its corporate

21  headquarters are located. Callans Dec. ¶ 4.

22          c.      Under the "nerve center" test, Costco's principal place of business is

23  the state of Washington because most of Costco's executive and administrative functions

24  occur in corporate headquarters at Issaquah, Washington. Callans Dec. ¶ 4.

25          d.      As a result, Costco is not now, and was not at the time of the filing of

26  the Complaint, a citizen of the state of California.

27

28

18470397v.5

8.   *Doe defendants.*

a.   Under 28 U.S.C. § 1441(b), one disregards the residence of fictitious and unknown defendants for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition). Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

**C.   The Aggregate Amount in Controversy**

9.   To determine whether the amount in controversy exceeds $5,000,000, one aggregates the claims of the individual class members. 28 U.S.C. § 1332(d)(6). The amount-in-controversy requirement is met "if the value of the matter in litigation exceeds $5,000,000, either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate Judiciary Committee Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions should be resolved in favor of federal jurisdiction: "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case ... . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

10.   The amount in controversy here exceeds, in the aggregate, $5,000,000, as detailed in paragraphs 15-27 below. Calculations of this amount rely on the Complaint's allegations, assuming, without any admission, that they are true. Plaintiff's failure to specify particular damages permits Costco to reasonably estimate the amount in controversy. *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific

4

1   amount in damages," and a court will consider facts in the removal petition to determine

2   whether jurisdictional requirements are met).

3       11.   Since October 17, 2010, in California, Costco has employed at least 28,000

4   hourly employees during each two-week pay period. During that time, each such

5   employee earned at least $11.00 per hour, as provided for in the 2010 Costco Employee

6   Agreement (effective March 1, 2010) and the 2103 Costco Employee Agreement

7   (effective March 1, 2013). Since October 17, 2011, within California, through voluntary

8   or involuntary termination, at least 20,500 hourly workers (including part-time seasonal

9   hourly employees) have ended their Costco employment. Callans Dec. ¶¶ 5-8.

10      12.   During the relevant period, Costco used a system of biweekly pay periods,

11   by which it paid wages, and provided itemized wage statements every two weeks. Callans

12   Dec. ¶ 9.

13      13.   Of the claims noted above in paragraph 3, analysis of only some suffices to

14   show the requisite aggregate amount in controversy. Those claims are for (a) wage theft,

15   (b) unpaid overtime premium compensation, (c) failure to provide meal breaks and meal

16   pay, (d) failure to provide rest breaks and rest pay, (e) intentional failure to provide

17   adequate wage statements, (f) failure to pay earned wages upon separation from

18   employment, (g) attorneys' fees, and (h) punitive damages.

19      14.   A central allegation, which each claim incorporates, is that Costco, since

20   October 17, 2010, has had "common policies and practices" that were a "direct cause" of

21   Costco's alleged "failure to comply" with California labor law. Complaint ¶ 2. Further,

22   Costco allegedly violated wage and hour law as a matter of "consistent policy"

23   (Complaint ¶¶ 3, 5, 6) or "continuous policy" (Complaint ¶ 7) and in a "malicious,"

24   "fraudulent" "pattern or practice." Complaint ¶¶ 105-106, 114.

25      **a.**   **Plaintiff Seeks Unpaid Regular Wages Exceeding $8.58 million.**

26      15.   The first claim, for wage theft, alleges that Costco has had a "consistent

27   policy of requiring" its hourly employees to "work through meal periods" and a

28   "consistent" and "continuous policy" of deducting 30 minutes for meal breaks even

18470397v.5

though "all members of the Class work through their meal periods." Complaint ¶¶ 3, 7, 43. Specifically, he alleges Costco had a "continuous and widespread policy of 'clocking-out' Plaintiff and those similarly situated for a thirty minute meal period and/or hour meal period … thereby deducting 30 minutes and/or 60 minutes of paid time, including straight time and overtime, even though Plaintiff and those similarly situated worked through their meal periods." Complaint ¶ 7. From that allegation it is reasonable to infer that Plaintiff is alleging full-time class members worked through at least one meal break per pay period (only a 10% violation rate, i.e., one alleged violation every 10 work days), entitling each to one-half hour pay.

16.    Given that there were at least 15,000 hourly full-time employees in California working during any given two-week period, this claim alone places in controversy more than $8.58 million in regular wages: 26 annual pay periods * 0.50 hour * $11 * 4 years * at least 15,000 full-time employees working each relevant two-week period. (Even if only 10% of the minimum number of full-time hourly employees working during any given two-week period worked through one meal break every two weeks, the amount in controversy on this claim would be $858,000: $8.58 million * 0.1.)

b.    **Plaintiff Seeks Unpaid Overtime Wages Exceeding $4.29 million.**

17.    The second claim, for unpaid overtime wages, seeks unpaid overtime pay on the same basis as the claim for unpaid regular wages. Complaint ¶¶ 48-53.

18.    From the foregoing allegations, it is reasonable to infer—while focusing only on full-time hourly employees—that Plaintiff is seeking at least an additional one-half of the allegedly unpaid regular wages: $4.29 million.[1] (Even if only 10% of the minimum number of full-time hourly employees working during any given two-week period are considered, the amount in controversy on this claim would be $429,000: $4.29 million * 0.1.)

---

[1] Full-time hourly employees generally work 8 hours in a day with a 1/2 hour meal break. If they worked through one meal break every two weeks, but that 1/2 hour was deducted from their wages as Plaintiff alleges, they would have worked 8.5 hours but been paid for only 8 hours. Thus, they would be owed 1/2 hour of overtime.

18470397v.5

**c.   Plaintiff Seeks More Than $17.16 million of Meal Pay.**

19.   The third claim alleges that Costco had a "consistent policy" of requiring hourly employees in California to "work through meal periods" without paying them meal premium pay. Complaint ¶¶ 3, 58. He further alleges it was Costco's "business model" to assign "too much work that could not be reasonably completed in their assigned shift," such that hourly employees "routinely and regularly are forced to eat their meals while driving and/or while working their routes." Complaint ¶ 60. And that Costco had a "pattern and practice of assigning too much work to be completed in too short of time frames," which resulted in hourly employees "not breaking route to take meal and rest periods." Complaint ¶ 61. From that allegation it is reasonable to infer that Plaintiff is alleging full-time class members were unlawfully deprived of at least one meal break per pay period (a 10% violation rate), entitling each to one hour of pay. See Lab. Code § 226.7. The total amount in controversy for meal breaks alone would be $17.16 million: $11 hourly pay * 26 pay periods per year * 4 years in class period * at least 15,000 full-time hourly employees during any given two-week period. (Even if only 10% of the minimum number of full-time hourly employees working during any given two-week period are considered, the amount in controversy on this claim would be $1.71 million: $17.16 million * 0.1.)

**d.   Plaintiff Seeks More Than $32.03 million of Rest Pay.**

20.   The fourth claim alleges that Costco had a "consistent policy of requiring" California hourly employees to work through the rest breaks to which they were entitled so that non-exempt employees were "routinely and regularly" "forced to work through their rest periods." Complaint ¶¶ 6, 73. He further alleges it was Costco's "business model" to assign "too much work that could not be reasonably completed in their assigned shift, work and/or route," with the "end result" that hourly employees "routinely and regularly are forced to work through their rest periods." Complaint ¶ 73. And that Costco had a "pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in hourly employees "not breaking route to take

7

meal and rest periods." Complaint ¶ 74. From that allegation it is reasonable to infer that Plaintiff is alleging that class members were unlawfully deprived of at least one required rest break per pay period (a 10% violation rate), entitling each to one hour of pay. The total amount in controversy for rest breaks alone would be $32.03 million: $11 hourly pay * 26 pay periods per year * 4 years in class period * at least 28,000 hourly employees during any two-week period. (Even if only 10% of the minimum number of hourly employees working during any given two-week period are considered, the amount in controversy on this claim would be $3.2 million: $32.02 million * 0.1.)

### e. Plaintiff Seeks Penalties for Failure to Provide Accurate Itemized Wage Statements, in Excess of $71.4 million.

21.     The fifth claim alleges that Costco willfully failed to provide class members with itemized wage statements that accurately recorded "total hours worked by plaintiff and the members of the proposed Class" and thus violated Labor Code Section 226(a). Complaint ¶¶ 84-89. Specifically, Plaintiff alleges Costco "knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on *each and every* wage statement provided to Plaintiff and members of the proposed Class." Complaint ¶ 85 (emphasis added). Penalties for Section 226 violations run at $100 per employee per pay period (after an initial $50 per employee for the first pay period). Lab. Code § 226(e). With at least 28,000 class members receiving 26 work-related wage statements during the year preceding the Complaint, the amount of penalty sought per class member would be $2,550. That figure, applied to the more than 28,000 job positions in question, would yield an amount in controversy of more than $71.4 million: 28,000 * $2,550. (Even if only 10% of the minimum number of hourly employees working during any given two-week period are considered, the amount in controversy on this claim would be $7.1 million: $71.4 million * 0.1.)

18470397v.5

f.      **Plaintiff Seeks Penalties for Failure to Pay Earned Wages Upon Termination, in Excess of $29.04 million.**

22.     The tenth claim alleges that Costco failed to pay class members all the wages due upon termination, and therefore owes thirty days of continuing wages as a penalty. Complaint ¶¶ 12, 133-135. During the three years preceding the Complaint, at least 1,500 California hourly full-time employees and at least 19,000 California hourly part-time employees left Costco's employment. More than 30 days have passed since Plaintiff filed his October 17, 2014 Complaint. Thus, the amount in controversy for those terminating employees is $3.96 million for full-time terminated employees (1,500 employees * $11 per hour * 8 hours per day * 30 days) and $25.08 million for part-time terminated employees (19,000 employees * $11 per hour * 4 hours per day * 30 days), for a total of $29.04 million. (Even if only 10% of the terminated employees are considered, the amount in controversy on this claim would be $2.9 million: $29.04 million * 0.1.)

g.      **The Aggregate Amount in Controversy Exceeds $5 Million.**

23.     As shown above, the aggregate amount in controversy, as pleaded by Plaintiff, easily exceeds $162 million, even before one considers claims for attorneys' fees and punitive damages, based solely on Plaintiff's claims for (a) unpaid regular pay exceeding $8.58 million, (b) unpaid overtime pay exceeding $4.29 million, (c) meal pay premiums exceeding $17.16 million, (d) rest pay premiums exceeding $32.03 million, (e) wage statement penalties exceeding $71.4 million, and (f) waiting time penalties exceeding $29.04 million. Indeed, even if only 3.5% of the putative class suffered these violations, the amount in controversy would be $5.67 million: $162 million * 0.035.

24.     As further shown above, even if only 10% of the putative class is considered and before one considers claims for attorneys' fees and punitive damages, the amount in controversy would exceed $16 million: (a) unpaid regular pay exceeding $858,000, (b) unpaid overtime pay exceeding $429,000, (c) meal pay premiums exceeding $1.7 million, (d) rest pay premiums exceeding $3.2 million, (e) wage statement penalties exceeding

9

18470397v.5

$7.1 million, and (f) waiting time penalties exceeding $2.9 million. And even if only this 10% of the putative class suffered only a 35% violation rate, the amount in controversy would be $5.6 million: $16 million * 0.35.

**h.    Attorneys' Fees Increase the Amount in Controversy.**

25.    Plaintiff seeks attorneys' fees. Complaint, Prayer at p. 32. One considers requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). More specifically, the potential for an award of mandatory attorneys' fees is included in the amount in controversy analysis for the purposes of removal under CAFA. *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007).

26.    Attorneys' fees may be awarded based on the lodestar method (calculated by applying reasonable hourly rates to the time reasonably spent, as adjusted by a risk multiplier where appropriate). *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). Alternatively, the court may simply award fees as a percentage of the fund recovered. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit has awarded attorneys' fees of up to 25 percent of the recovery, although fees may be adjusted or replaced by a lodestar calculation "when specific circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Given the allegations in the Complaint, 25% of the total alleged damages (exceeding $162 million) would exceed $40 million in fees. (Even using any of the other extremely conservative estimates described in Paragraphs 23 and 24, above, attorneys' fees would exceed $1 million).

**i.    Asserted Punitive Damages Increase the Amount in Controversy.**

27.    Plaintiff also alleges "malicious" conduct amounting to conversion and fraud. Complaint ¶¶ 94-120. These are tort claims warranting awards of punitive damages. Although the Complaint omits reference to "punitive damages," it clearly

1   alleges conduct relevant only to the imposition of punitive damages, Complaint ¶¶ 102,

2   104, 105-106, 114 ("fully realized they were "stealing money," "preyed on Plaintiff and

3   those similarly situated because [they] were economically disadvantage," "conscious,

4   deliberate, intentional and/or malicious," "fraudulently altering … time records" to avoid

5   paying earned wages), and the Complaint seeks all relief "the Court deems just and

6   proper." Complaint, Prayer for Relief, p. 33, ¶ 15. Punitive damages count toward the

7   amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.

8   2007); *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("If appropriately made, ... a

9   request for punitive damages will generally satisfy the amount in controversy

10  requirement because it cannot be stated to a legal certainty that the value of the plaintiff's

11  claim is below the statutory minimum."). Costco is a large, profitable corporation. *See*

12  *generally Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991) (defendant's financial

13  condition is relevant to punitive damages, which are to sting, not destroy). Although

14  punitive damages cannot exceed actual damages by unreasonable amounts, *see, e.g., State*

15  *Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Simon v. San Paolo U.S.*

16  *Holding Co.*, 35 Cal. 4th 1159 (2005) (suggesting punitive damages cannot

17  constitutionally exceed ten times damages), the potential punitive damages here could

18  themselves exceed the $5 million threshold.

19  **D.      Costco is Entitled to Remove Under CAFA**

20          28.     Because diversity of citizenship exists (the Plaintiff being a citizen of the

21  State of California, and Costco not being a citizen of California), because there are more

22  than 100 putative class members, and because the amount in controversy exceeds

23  $5,000,000, exclusive of interest and costs, this Court has original jurisdiction of the

24  action pursuant to 28 U.S.C. §1332(d)(2). This action is therefore a proper one for

25  removal to this Court.

26                          **TIMELINESS OF REMOVAL**

27          29.     Plaintiff served the Summons and Complaint in this action no earlier than

28  October 21, 2014. **See Exhibit A.** This Notice of Removal is timely as it is filed within

18470397v.5

30 days of the purported service on the first Defendant of a copy of the Summons and Complaint. 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

### VENUE

30.     Venue lies in the Southern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a) because this action is being removed from the Superior Court of the State of California for the County of San Diego. Costco therefore removes this action to the United States District Court for the Southern District of California.

### NOTICE OF REMOVAL

31.     This Notice of Removal will be promptly served on Plaintiff and his counsel, as well as filed with the Clerk of the Superior Court of the State of California for the County of San Diego. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Costco in the action are attached hereto as **Exhibit A.**

DATED: November 20, 2014                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: /s/ *Emily E. Schroeder*
                                            David D. Kadue
                                            Timothy M. Rusche
                                            Emily E. Schroeder

                                            Attorneys for
                                            COSTCO WHOLESALE
                                            CORPORATION

COSTCO'S NOTICE OF REMOVAL

18470397v.5

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
10/21/2014
CT Log Number 525931567

**TO:**   John Sullivan, Corporate Counsel
Costco Wholesale Corporation
Legal Dept., 999 Lake Drive
Issaquah, WA 98027-

**RE:**   **Process Served in California**

**FOR:**   Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Douglas Thompson, etc., Pltf. vs. Costco Wholesale Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Exhibit(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201400035493CUOECTL |
| **NATURE OF ACTION:** | Complaint for Damages, Injunctive Relief Declaratory Relief and Restitution |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/21/2014 at 14:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | William H. McInerney<br>McInerney & Dillon, P.C.<br>1999 Harrison Street<br>Suite 1700<br>Oakland, CA 94612-4700<br>510-465-7100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/22/2014, Expected Purge Date: 10/27/2014<br>Image SOP<br>Email Notification, Nicola Merrett nmerrett@costco.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*10/21/14 @ 900*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Costco Wholesale Corporation and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Douglas Thompson, on behalf of himself and all others similarly situated, and on behalf the general public

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO OE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/17/2014** at 03:39:50 PM<br>Clerk of the Superior Court<br>By Calvin Beutler, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego<br><br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2014-00035493-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William Turley, Esq./The Turley Law Firm, APLC, 625 Broadway, Suite 635, San Diego, CA 92101

| | | | |
|---|---|---|---|
| DATE: 10/20/2014<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *C. Beutler*<br>C. Beutler | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COSTCO WHOLESALE CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  **THE TURLEY LAW FIRM, APLC**
   625 Broadway, Suite 635
3  San Diego, California 92101
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/17/2014** at 03:39:50 PM

Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

5  Attorneys for Plaintiff DOUGLAS THOMPSON
   on behalf of himself and all others similarly
6  situated, and on behalf of the general public

7
8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

                    IN AND FOR THE COUNTY OF SAN DIEGO
9

| | |
|---|---|
| 10  DOUGLAS THOMPSON, on behalf of himself and all others similarly situated, and on behalf of the general public | Case No. 37-2014-00035493-CU-OE-CTL |
| 11 | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION** |
| 12                   Plaintiff, | |
| 13  v. | 1)  Wage Theft/Time Shaving |
| 14  COSTCO WHOLESALE CORPORATION , | 2)  Failure to Pay Overtime<br>3)  Failure to provide meal periods (Lab. Code §§ 226.7, 512; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001 (11); Cal. Code Regs. Title 8, § 11090); |
| 15   and DOES 1-100 | 4)  Failure to authorize and permit periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8, §11090); |
| 16 | |
| 17                   Defendants. | |
| 18 | 5)  Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175); |
| 19 | |
| 20 | |
| 21 | 6)  Failure to pay compensation for all time worked: Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223 |
| 22 | |
| 23 | 7)  Conversion;<br>8)  Fraud; |
| 24 | 9)  Unjust enrichment;<br>10) Waiting time penalties; |
| 25 | 11) Violation of unfair competition law (Bus. & Prof. Code § 17200, et seq.). |
| 26 | **DEMAND FOR JURY TRIAL** |

27     Plaintiff DOUGLAS THOMPSON, on behalf of himself and all others similarly

28  situated, and on behalf of the general public, complains of Defendants and/or DOES and for

    causes of action and alleges:

                                        - 1 -

1.    This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff DOUGLAS THOMPSON and all employees, including but not limited to, hourly workers not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities (hereinafter "Non-Exempt Employees") employed by, or formerly employed by, COSTCO WHOLESALE CORPORATION; and/or subsidiaries or affiliated companies and/or DOES, within the State of California.

2.    At all times mentioned herein, the common policies and practices of COSTCO WHOLESALE CORPORATION and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code as set forth more fully within.

3.    For at least four years prior to the filing of this action and through to present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws and automatically deducting a half hours pay and/or an hours pay from their wages.

4.    For at least four years prior to filing of this action and through the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES did not have a policy of allowing its hourly employees working shifts of 10 or more hours in a day to take a second meal period of not less than thirty minutes as required by the applicable Wage Order of the Industrial Welfare Commission.

5.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty minutes and failing to pay such employees one (1) hour

of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

6.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION  and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

7.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION  and/or DOES have had a continuous policy of "time shaving" or not paying Plaintiff and those similarly situated for all their hours worked.     Specifically, Defendants COSTCO WHOLESALE CORPORATION  and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for a thirty minute meal period and/or hour meal period (hereby referred to as "auto-meal deduct"), thereby deducting 30 minutes and/or 60 minutes of paid time, including straight time and overtime, even though Plaintiff and those similarly situated worked through their meal periods, were not relieved of all duties, were not relinquished control over their activities, were not permitted a reasonable opportunity to take an uninterrupted 30- minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break.

8.    For at least four years prior to filing this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION  and/or DOES have knowingly and intentionally failed to comply with the itemized employee wage statement provisions and have failed to pay Plaintiff and those similarly situated compensation for said violations as required by California's state wage and hour laws.

9.    For at least four years prior to the filing of this action and through to the present,

Defendants COSTCO WHOLESALE CORPORATION and/or DOES have wrongfully converted Plaintiff's and those similarly situated Class members' wages and/or monies to their own use.

10.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

11.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated the wages they are owed.

12.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Plaintiff and members of the Class who left Defendants COSTCO WHOLESALE CORPORATION and/or DOES's employ or who were terminated.

13.    For at least four years prior to the filing of this action and through to the present, Defendants COSTCO WHOLESALE CORPORATION and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

14.    Plaintiff DOUGLAS THOMPSON, on behalf of himself and all Class Members, brings this action pursuant to Labor Code sections 226, subdivision (b), 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages and overtime, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

15.    Plaintiff DOUGLAS THOMPSON, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, and restitution, from Defendants COSTCO WHOLESALE CORPORATION and/or DOES for their failure to pay straight time and overtime wages, pay compensation for all hours worked, provide 10 minute paid rest periods, and rest and meal period compensation.

16.    Defendants COSTCO WHOLESALE CORPORATION and/or DOES own and operate industrial, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in San Mateo County, SAN DIEGO County, San Francisco, Napa County Sacramento, San Joaquin, Ukiah County, Chico and elsewhere within California. At these work sites and throughout California, Defendants COSTCO WHOLESALE CORPORATION and/or DOES have, among other things, employed persons as industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers.

17.    COSTCO WHOLESALE CORPORATION and/or DOES' business is staffed, inter alia, by hourly Non-Exempt Employees such as industrial truck workers, industrial vehicle workers, and/or industrial workers and/or other hourly Non-Exempt Employees. COSTCO WHOLESALE CORPORATION and/or DOES' employees have not been paid during the liability period all their straight time and overtime wages and rest and meal period compensation. Plaintiff is informed and believes, and based thereon alleges, Defendants COSTCO WHOLESALE CORPORATION and/or DOES currently employ many employees in the State of California as Non-Exempt Employees.

18.    During the liability period, some of the members of the Plaintiff Class were employed by Defendants COSTCO WHOLESALE CORPORATION and/or DOES as Non-Exempt Employees and were paid on an hourly basis. Plaintiff and the members of the Plaintiff Class of COSTCO WHOLESALE CORPORATION Non-Exempt Employees were not provided all straight time and overtime wages owed and rest or meal periods or compensation in lieu thereof as mandated under the California Labor Code, and the

1    implementing rules and regulations of the Industrial Welfare Commission's ("IWC")

2    California Wage Orders.

3    19.   Defendants COSTCO WHOLESALE CORPORATION and/or DOES are and were aware

4    that the COSTCO WHOLESALE CORPORATION  Non-Exempt Employees were not

5    paid all straight time and overtime wages owed nor provided rest and meal periods.

6    Defendants' and/or DOES' denial of wages and other compensation due to Plaintiff and

7    members of the Plaintiff Class in the position of COSTCO  WHOLESALE

8    CORPORATION Non-Exempt Employees was willful and deliberate.

9    20.   Defendants COSTCO WHOLESALE CORPORATION and/or DOES willfully failed to

10   pay the straight time and overtime wages owed and rest and meal period wages of former

11   COSTCO WHOLESALE CORPORATION Non-Exempt Employees, including members

12   of Plaintiff Class, when each such employee quit or was discharged.

13

14   21.   Based upon information and belief, during the liability period, some of the members of the

15   Plaintiff Class were employed by Defendants COSTCO WHOLESALE CORPORATION

16   and/or DOES as Non-Exempt Employees and were paid on an piece rate basis, including -

17   but not limited to, by the mile, by the stop and/or by the load. Such workers were not

18   compensated for all time worked - including, but not limited to - pre-trips, post-trips, fuel

19   time, meetings, wait time, loading time, CHP stops, inspections, paperwork, calls to

20   dispatch and the like. In addition, Defendants and/or DOES failed to provide paid 10

21   minute rest periods to such drivers and/or non-exempt employees.

22   22.   Defendants COSTCO WHOLESALE CORPORATION and/or DOES willfully failed to

23   provide itemized paychecks, stubs, vouchers, checks, and/or drafts which provided an

24   accurate statement in writing showing gross wages earned, total hours worked, number of

25   piece rate units earned, all deductions, net wages earned, and/or other violations of Labor

26   Code Section 226.  Plaintiff and the Putative class were injured because they could not

27   determine how their wages, hours and/or piece rate was calculated and/or their accurate

28   pay.

## I.  VENUE

23.   Venue as to each Defendant COSTCO WHOLESALE CORPORATION and/or DOES is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants COSTCO WHOLESALE CORPORATION and/or DOES operate industrial facilities and employ hourly employees, conduct business, and commit Labor Code violations within Sacramento County and California, and each Defendant and/or DOE is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within SACRAMENTO County, Defendants COSTCO WHOLESALE CORPORATION and/or DOES employ numerous Class Members in California and/or SACRAMENTO County.

## II.  PARTIES

### A.   Plaintiff.

24.   Plaintiff DOUGLAS THOMPSON is a resident of California, at all relevant times herein he was employed by Defendants COSTCO WHOLESALE CORPORATION and/or DOES for the last four years as an industrial truck driver, industrial vehicle driver, and/or industrial worker at COSTCO WHOLESALE CORPORATION in California. throughout his employment with COSTCO WHOLESALE CORPORATION and/or DOES, Mr. DOUGLAS THOMPSON was employed in a non-exempt capacity as an hourly industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial worker.

25.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants COSTCO WHOLESALE CORPORATION and/or DOES' common company policies of failing to pay all straight time and overtime wages owed, auto-meal deduct, and providing no rest periods and no meal periods to employees working at least five hours or any additional meal periods for working in excess of 10 hours, or compensation in lieu thereof. On information and belief, Defendants and/or DOES willfully failed to pay their employees and members of the Plaintiff Class in a

- 7 -

timely manner compensation owing to them upon termination of their employment with COSTCO WHOLESALE CORPORATION and/or DOES.

**B.**    <u>Defendants</u>.

26.    Defendants COSTCO WHOLESALE CORPORATION and/or DOES are engaged in the ownership and operation of industrial vehicles and industrial work sites located within SAN DIEGO County, and throughout the State of California. During the liability period, Defendants COSTCO WHOLESALE CORPORATION and/or DOES employed Plaintiff and similarly situated persons as COSTCO WHOLESALE CORPORATION       Non-Exempt Employees within California. On information and belief, each of the Defendants and/or DOES is conducting business in California.

27.    Defendants COSTCO WHOLESALE CORPORATION and/or DOES are engaged in the ownership and operation of industrial vehicles and industrial work sites located within SAN DIEGO County, and throughout the State of California. During the liability period, Defendants and/or DOES employed Plaintiff and similarly situated persons as COSTCO WHOLESALE CORPORATION Non-Exempt Employees within California.

28.    COSTCO WHOLESALE CORPORATION and/or DOES' principal place of business is in the State of California.

29.    COSTCO WHOLESALE CORPORATION and/or DOES have numerous offices and/or contracts in the State of California.

30.    California is the nerve center of COSTCO WHOLESALE CORPORATION and/or DOES operations.

31.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner

- 8 -

1    for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this

2    Complaint to reflect the true names and capacities of the Defendants designated hereinafter

3    as DOES when such identities become known.

4  32.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or

5    DOE acted in all respects pertinent to this action as the agent of the other Defendants

6    and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent

7    hereto, and the acts of each Defendant and/or DOE are legally attributable to the other

8    Defendants and/or DOES.

## III.  CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class

action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks

to represent a Class composed of and defined as follows:

> All persons who are or have been employed by Defendants and/or
> DOES in the State of California as hourly employee industrial truck
> workers, hourly workers, or similar job designations and titles,
> during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by Defendants and/or
> DOES in the State of California as hourly employee industrial truck
> workers, hourly workers or similar job designations and titles,
> during the period of the relevant statute of limitations, who were
> not paid all straight time wages and overtime.

> All persons who are or have been employed by Defendants and/or
> DOES in the State of California as hourly employee industrial truck
> workers, hourly workers or similar job designations and titles, during
> the period of the relevant statute of limitations, who were subject

to auto-meal deduct, when they were not relieved of all duties.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations who have not been authorized and permitted to take a rest period for every four hours or major fraction thereof worked per day and were not provided compensation of one hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, hourly workers, or similar job designations and titles, during the period of the relevant statute of limitations who have worked five and/or ten hours without being provided a meal period and/or additional meal period and were not provided compensation of one hour's pay or other compensation for each day on which such meal period was not provided.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee workers, or similar job designations and titles, during the period of the relevant statute of limitations who Defendants and/or DOES willfully failed to pay in a timely manner compensation owing to them upon termination of their employment with COSTCO WHOLESALE CORPORATION and/or DOES.

All persons who are employed or have been employed by Defendants in the State of California as truck drivers, industrial truck workers, drivers and/or in any similar

position within four (4) years of the filing of the Complaint and who have not been compensated for all time worked.

All persons who are employed or have been employed by Defendants in the State of California as truck drivers, industrial truck workers, drivers and/or in any similar position within four (4) years of the filing of the Complaint and who have not been paid overtime at the legal piece rate overtime rate for hours worked in a workday and/or workweek.

All persons who are employed or have been employed by Defendants in the State of California as truck drivers, industrial truck workers, drivers and/or in any similar position within four (4) years of the filing of the Complaint and who were not provided 10 minute paid rest periods.

Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

34. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**.

35. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants and/or DOES currently employ, and during the relevant time periods employed, thousands of employees, all in the State of California, in positions as Defendants' and/or DOES' Non-Exempt Employees in SAN DIEGO County and dispersed throughout California during

- 11 -

the liability period and who are or have been affected by Defendants' and/or DOES' policies of shaving time, failing to pay all straight time and overtime wages, not providing meal periods or providing them more than five hours into an employee's shift, not authorizing and permitting rest periods without the appropriate legal compensation and not timely paying waiting time monies.

36.   Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants' and/or DOES' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.   Commonality.**

37.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

   (1)   Whether Defendants and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to employees for every four hours or major fraction thereof worked and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

   (2)   Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal

period was not provided.

(3)  Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30 minute meal period and not counting the time as time worked.

(4)  Whether Defendants' and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt hourly industrial truck workers to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(5)  Whether Defendants and/or DOES had a pattern and practice of pressuring its hourly Non-Exempt industrial truck workers to complete routes within time frames that made it impractical for COSTCO WHOLESALE CORPORATION  Non-Exempt drivers to be relieved of all duty for 30 minute meal periods and/or 10 minute rest periods.

(6)  Whether the  in existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in COSTCO WHOLESALE CORPORATION Non-Exempt industrial truck workers not being provided a second meal period in accordance with the Labor Code and Wage Orders.

(7)  Whether the in existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in COSTCO WHOLESALE CORPORATION Non-Exempt industrial truck workers not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the Labor Code and Wage Orders.

(8)  Whether Defendant's and/or DOES' uniform policy of automatically

- 13 -

deducting thirty (30) minutes from its Non-Exempt industrial truck workers for each day worked - regardless of whether the Non-Exempt industrial truck workers were relieved of duty for thirty (30) minutes - violated the Labor Code and Wage Orders.

(9)     Whether Defendants and/or DOES violated section 226 of the Labor Code and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)© by knowingly and intentionally failing to, among other violations, accurately report compensation owed and/or compensation owed for rest and meal period violations.

(10)    Whether Defendants and/or DOES wrongly converted Plaintiff's and Class members' wages and/or monies to their own use.

(11)    Whether Defendants and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

(12)    Whether Defendants and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated wages they are owed.

(13)    Whether Defendants and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the Class who left Defendants' and/or DOES' employ or who were terminated.

(14)    Whether Defendants and/or DOES violated section 17200, et seq. of the California Business and Professions Code by shaving time, failing to pay all wages and overtime, and failing to provide rest and meal periods without compensating Non-Exempt Employees one hour's pay for every day such periods were not provided, and failing to keep accurate records of

- 14 -

Class Members' compensation owed.

(15)  Whether Defendants and/or DOES violated Labor Code sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(16)  Whether Defendants and/or DOES violated Labor Code Labor Code Section 203 which provides for the assessment of a penalty against the employer when there is a willful failure to pay wages due the employee at conclusion of the employment relationship.

**C.   Typicality.**

38.  The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

**D.   Adequacy of Representation.**

39.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.   Superiority of Class Action.**

40.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' illegal policy and/or practice of failing to pay all straight time and overtime wages owed, not providing meal periods, denying Class Members proper rest and meal periods without legal compensation, requiring employees to work in excess of ten hours per day without additional meal

- 15 -

periods, and not compensating members of the Class for all time worked.

41.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.  CAUSES OF ACTION.

**First cause of action against all Defendants and/or DOES: Wage-Theft/ Time-Shaving.**

42.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

43.  Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.  Specifically, Defendants and/or DOES have a continuous policy of clocking-out Plaintiffs and those similarly situated out for a thirty minute meal period, even though Plaintiffs and all members of the Class work through their meal periods.

44.  Thus, Defendants and/or DOES shave/ steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time deducted.

45.  Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken.  Defendants and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties.  Defendants and/or DOES did not make

reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members. Defendants and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law. Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Labor Code sections 510 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

46.     Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. Plaintiff and the Class members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial. Plaintiffs are also entitled to any penalties allowed by law.

47.     As a direct result of Defendants' and/or DOES' policy of illegal time shaving/ wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

**Second cause of action against all Defendants and/or DOES: Failure to pay overtime**

48.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

49.     It is fundamental that an employer must pay its employees for the time worked. California

Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding on part of a wage. Labor Code section 223 prohibits the pay of less that a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

50. Defendants failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week.

51. Plaintiff and those similarly situated Class members were employed by COSTCO WHOLESALE CORPORATION and/or DOES at all relevant times. Defendants and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

52. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken. Defendants and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. Defendants and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members. Defendants and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Industrial Welfare Commission Order No. 9-2001, item 3(A).

53.     Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

**Third cause of action against all Defendants and/or DOES: Failure to provide meal periods or pay compensation in lieu thereof. (Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

54.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

55.     Under California Labor Code, section 512, and Industrial Welfare Commission Wage Order No.9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

56.     In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less

1  than thirty (30) minutes.

2  57.  Under California Labor Code, section 226.7, if the employer does not provide an employee

3  a meal period in accordance with the above requirements, the employer shall pay the

4  employee one (1) hour of pay at the employee's regular rate of compensation for each

5  workday that the meal period is not provided.

6  58.  Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its

7  Non-Exempt Employees who worked for work periods of more than five consecutive

8  hours. As such, Defendants' and/or DOES' Non-Exempt Employees were required to work

9  well over five consecutive hours at a time without being provided a 30 minute,

10  uninterrupted meal period within that time.

11  59.  Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its

12  Non-Exempt Employees for every five continuous hours its Non-Exempt Employees

13  worked.

14

15  60.  Defendants' and/or DOES' business model was such that Non-Exempt Employees were

16  assigned too much work that could not be reasonably completed in their assigned shift,

17  work and/or route.  The end result is that Defendants' and/or DOES' Non-Exempt

18  Employees routinely and regularly are forced to eat their meals while driving and/or while

19  working their routes.

20  61.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of

21  assigning too much work to be completed in too short of time frames, which resulted in

22  Plaintiff and those similarly situated not breaking route to take meal and rest periods.

23  62.  Throughout the statutory period, Defendants and/or DOES valued productivity over

24  providing meal and rest periods and, because of this, meal and rest periods were not

25  priorities to Defendants and/or DOES.

26  63.  Throughout the statutory period, Defendants' and/or DOES' policies promoting

27  productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest

28

1    periods.

2    64.   Because of Defendants' and/or DOES' demanding policies on route completion times,

3          Plaintiff and those similarly situated felt that breaking route to exercise their rights to take

4          meal or rest periods would sacrifice their jobs with COSTCO WHOLESALE

5          CORPORATION .

6    65.   Based on Defendants' and/or DOES' demanding route completion time policies, Plaintiff

7          and those similarly situated routinely worked through their meal periods, which

8          compromised the health and welfare of, not only the Plaintiff and those similarly situated,

9          but all members of the general public.

10   66.   Throughout the statutory period, Defendants and/or DOES had no policy that advised

11         Plaintiff and those similarly situated of their right to take a second meal period.

12

13   67.   Defendants and/or DOES thereby failed to provide an additional 30 minute uninterrupted

14         meal period for employees on days where they worked in excess of ten hours.

15   68.   Failing to provide compensation for such unprovided or improperly provided meal periods,

16         as alleged above, Defendants and/or DOES willfully violated the provisions of Labor Code

17         sections 226.7, 512 and IWC Wage Order No. 9.

18   69.   As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he

19         seeks to represent have been deprived of premium wages in amounts to be determined at

20         trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

21         attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Order

22         Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent

23         did not willfully waive their right to take meal periods through mutual consent with

24         Defendants and/or DOES.

25   70.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

26         below.

27

28

**Fourth cause of action against all Defendants and/or DOES: Failure to authorize and permit rest periods or pay compensation in lieu thereof (Lab. Code § 226.7; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

71.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

72.  Defendants and/or DOES failed to authorize and permit its Non-Exempt Employees to take 10 minute rest periods per every four hours worked or major fraction thereof.

73.  Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route.  The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to work through their rest periods.

74.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

75.  Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

76.  Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

77.  Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with COSTCO WHOLESALE CORPORATION .

78.  Based on Defendants' and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the

1    health and welfare of, not only the Plaintiff and those similarly situated, but all members

2    of the general public.

3    79.  Throughout the statutory period, Defendants and/or DOES had no policy that advised

4         Plaintiff and those similarly situated of their right to take an additional rest period in shifts

5         exceeding 10 hours in a day.

6    80.  Thus, Plaintiff and those similarly situated had no way of knowing they were to be

7         authorized and permitted a ten minute rest period when working in excess of 10 hours a

8         day.

9

10   81.  By its failure to authorize and permit its Non-Exempt Employees to take rest periods for

11        every four hours or major fraction thereof worked per day, Defendants and/or DOES

12        willfully violated provisions of Labor Code section 226.7 and IWC Wage Order Nos. 9-

13        1998, 9-2000, and 9-2001.  Plaintiff and the Class Members he seeks to represent did not

14        willfully waive their right to take rest periods through mutual consent with Defendants

15        and/or DOES.

16   82.  As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he

17        seeks to represent have been deprived of premium wages in amounts to be determined at

18        trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

19        attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders

20        9-1998, 9-2000, 9-2001.

21   83.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

22        below

23   **Fifth cause of action against all Defendants and/or DOES: Knowing and intentional failure**

24   **to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175;**

25   **IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

26   84.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

27        and every other paragraph in this Complaint herein as if fully plead.

28

- 23 -

85. Section 226, subdivision (a), of the California Labor Code requires Defendants and/or DOES to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

86. Section 1174 of the California Labor Code requires Defendants and/or DOES to maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of Defendants and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

87. Defendants and/or DOES failed to maintain time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7) and 9-1998(7) - showing, among other things, when the employee begins and ends each work period, meal period, and total daily hours worked in itemized wage statements, and all deductions from payment of wages, and to accurately report total hours worked by Plaintiff and the members of the proposed Class.

88. Plaintiffs and the Putative Class, industrial truck drivers and/or non-exempt workers were injured because they could not determine their accurate pay, hours worked, piece rate units worked, deductions and/or the like.

89. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Sixth Cause of Action Failure to pay compensation for all time worked: Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223**

90. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

91.   By their policy of not paying compensation for all time worked - including, but not limited to - pre-trips, post-trips, waiting time, time between runs, phone time, paper work, scheduling time to Plaintiffs and the proposed class of driver, work during unprovided rest periods- Defendants violated the provisions of Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223.

92.   By their policy of not providing paid rest periods at the rate of ten (10) minutes net rest time per four (4) hours or major fraction there of;  Defendants violated the provisions of Cal. Code Regs., tit. 9, § 11040, subd. 12(A).

93.   As a direct result of the unlawful acts of Defendants and/or DOES, Plaintiff and the class they intend to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to the provisions Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B) and 12(A), Lab. Code §§ 200,221,222,223.

**Seventh cause of action against all Defendants and/or DOES: Conversion.**

94.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

95.   At all times mentioned herein, Plaintiff and the Class he seeks to represent had an ownership interest in the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

96.   Defendants and/or DOES never paid Plaintiff and the Class he seeks to represent the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

97.   At all times mentioned herein, Plaintiff and the Class he seeks to represent, never consented to Defendants and/or DOES taking said wages owed to Plaintiff and the Class he seeks to represent.

98.   At all times mentioned herein, Plaintiff and the Class he seeks to represent, were

1    harmed by Defendants' and/or DOES' failure to pay wages owed to Plaintiff and the

2    Class he seeks to represent.

3    99.   At all times mentioned herein, Defendants and DOES and each of them wrongfully

4    converted such wages and/or monies to their own use.

5    100.  At all times mentioned herein, Defendants' and DOES' policies and practices resulted

6    in the conversion of Plaintiff's wages and those similarly situated.

7
8    101.  Such conversion was wrongful because such wages belonged to the employees.

9    102.  At all times mentioned herein, Defendants and/or DOES fully realized what they were

10   doing. They fully realized that they were stealing money from Plaintiff and those

11   similarly situated.

12   103.  Defendant and/or DOES fully realized that Plaintiffs and those similarly situated were

13   unsophisticated and not likely to appreciate, understand and/or comprehend that

14   Defendants and/or DOES were wrongfully converting, taking and/or stealing their

15   wages.

16   104.  At all times mentioned herein, Defendants and/or DOES fully realized that Plaintiffs

17   and those similarly situated were in a relatively disadvantaged situation.  Defendants

18   and/or DOES preyed on Plaintiff and those similarly situated because Plaintiff and

19   those similarly situated were economically disadvantaged.

20   105.  At all times mentioned herein, said violations were conscious, deliberate, intentional

21   and/or malicious.

22
23   106.  At all times mentioned herein, said conversion was  conscious, deliberate, intentional

24   and/or malicious.

25   107.  At all times mentioned herein, Defendants and/or DOES and/or persons acting on their

26   behalf knew that they could take advantage of these workers' rights because they knew

27   they could prey on the relative un-sophistication of the workers.

28   108.  Plaintiff and most of the Class he proposes to represent are not well educated, have

- 26 -

little sophistication with the law - including the California Labor Code.

109. At all times mentioned herein, the acts, omissions and/or conduct on the part of Defendants and/or DOES and/or persons acting on their behalf was downright malice.

110. At all times mentioned herein, Defendants and/or DOES and/or persons acting on their behalf fully realized that they were stealing the money from innocent and relatively helpless workers.

111. As a direct result of Defendants and/or DOES conversion; Plaintiff and those similarly situated were damaged in an amount to be proven at time of trial.

112. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Eight cause of action against all Defendants and/or DOES: Fraud.**

113. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

114. At all times mentioned herein, Defendant and/or DOES had a pattern and practice of fraudulently altering Plaintiff's and other similarly situated employees' time records and/or wage records in order for Defendants and/or DOES to not have to pay the wages to Plaintiff and those similarly situated.

115. Defendant and/or DOES  promised Plaintiff and the Class he seeks to represent to pay Plaintiff and the Class he seeks to represent all wages earned, which includes, but is not limited to, wages earned from not being provided meal periods in accordance with the applicable California law and wages earned from not being authorized and permitted to take rest periods in accordance with the applicable California law. .

116. At all times mentioned herein, Defendants and/or DOES knew that they would deprive Plaintiff and the Class he seeks to represent wages owed for unprovided meal periods and non-authorized and permitted rest periods.

117. At all times mentioned herein, Defendants and/or DOES falsely promised Plaintiff and

the Class he seeks to represent that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

118.   At all times mentioned herein, Plaintiff and the Class he seeks to represent justifiably relied on Defendants' and/or DOES' promises that all wages would be paid.

119.   As a result of this justifiable reliance on Defendants' and/or DOES' fraudulent promises, Plaintiff and the Class worked through meal periods and rest periods and suffered damages and/or lost wages in an amount to be proven at the time of trial in not being properly compensated.

120.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Ninth cause of action against all Defendants and/or DOES: Unjust enrichment.**

121.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

122.   At all times mentioned herein, there was an unjust benefit to Defendants and/or DOES due to Defendants' and/or DOES' actions in wrongfully and unlawfully failing to pay Plaintiff and the Class he seeks to represent wages owed.

123.   At all times mentioned herein, Defendants and/or DOES were under a duty to follow the wage and hour laws in regards to Defendants' and/or DOES' California employees.

124.   At all times mentioned herein, Defendants and/or DOES wrongfully invaded the rights of Plaintiff and others similarly situated.

125.   At all times mentioned herein, there was an unjust retention of Plaintiff's and others similarly situated's wages.

126.   At all times mentioned herein, Defendants and/or DOES were in receipt of wages and/or monies which belonged to Plaintiff and those similarly situated.

127.   At all times mentioned herein, Defendants and/or DOES breached their duty to follow California's wage and hour laws in regards to their California employees.

128.   At all times mentioned herein, said unjust enrichment was conscious, deliberate, intentional and/or malicious.

129.   As a direct result of Defendants' and/or DOES' breach of California's wage and hour laws; Plaintiff and those similarly situated suffered damage.

130.   As a direct result of Defendants' and/or DOES' unjust conversion; Plaintiffs and those similarly situated were damaged in an amount to be proven at time of trial.

131.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Tenth cause of action against all Defendants and/or DOES: Waiting time penalties under Labor Code section 203.**

132.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

133.   Numerous members of the Class are no longer employed by Defendants and/or DOES. They were either fired or quit Defendants' and/or DOES' employ. Defendants and/or DOES did not pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period premiums, and/or rest period premiums owed at the time of termination.

134.   The Defendants' and/or DOES' failure to pay wages, as alleged above, was willful in that Defendants and/or DOES and each of them knew the wages to be due but failed to pay them, thus entitling members of the Class to penalties under Labor Code, section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

135.   Defendants and/or DOES have failed to pay Plaintiff and those similarly situated Class members a sum certain at the time of termination or within seventy-two (72) hours of

- 29 -

their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of <u>Labor Code, section 203</u>, Plaintiff and the Class are entitled to a penalty in the amount of Plaintiff's and those similarly situated Class Members' daily wage multiplied by thirty (30) days.

136. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Eleventh cause of action against all Defendants and/or DOES: Violation of unfair competition law (California Bus. & Prof. Code, § 17200, et seq.).**

137. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

138. Defendants' and/or DOES' failure to pay all straight time and overtime wages owed, Labor Code 203 wages, and failure to compensate for unprovided or improperly provided rest and meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and under the California Labor Code, and failure to keep proper records, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

139. The actions of Defendants and/or DOES in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

140. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

141. As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent.

- 30 -

Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages and overtime compensation pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their failure to provide meal periods, authorize and permit rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff Class.

142.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' and/or DOES' unfair trade practices.

143.   As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices described herein.

144.   The illegal conduct alleged herein is continuing, and there is no indication that Defendants and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work through meal and/or second meal periods and/or work five hours or more without receiving a meal period, will continue to fail to authorize and permit rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying wages, appropriate taxes, insurance, and unemployment withholdings.

145.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants and/or DOES from requiring Plaintiff and the Plaintiff Class to work through meal periods, and from continuing to fail to provide rest periods and meal

1   periods or provide appropriate compensation in lieu thereof.

2   146.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

3         below.

4   V:   **PRAYER FOR RELIEF**.

5        1.   That the Court determine that this action may be maintained as a Class action;

6        2.   For compensatory damages in an amount according to proof with interest

7             thereon;

8        3.   For unpaid wages in an amount according to proof with interest at time of trial;

9        4.   For all monies for the violations of California Labor Code section 226.7;

10       5.   For economic and/or special damages in an amount according to proof with

11            interest thereon;

12       6.   For all waiting time penalties owed;

13       7.   That Defendants and/or DOES be found to have engaged in unfair competition

14            in violation of section 17200, et seq. of the California Business and Professions

15            Code;

16       8.   That Defendants and/or DOES be ordered and enjoined to make restitution to

17            Plaintiff and the Class due to their unfair competition,, pursuant to California

18            Business and Professions Code sections 17203 and 17204;

19       9.   That Defendants and/or DOES be enjoined from continuing the illegal course of

20            conduct alleged herein;

21       10.  That Defendants and/or DOES further be enjoined to cease and desist from

22            unfair competition in violation of section 17200, et seq. of the California

23            Business and Professions Code;

24       11.  That Defendants and/or DOES be enjoined from further acts of restraint of trade

25            and unfair competition;

26       12.  For attorneys' fees;

- 32 -

1      13.    For interest accrued to date;

2      14.    For costs of suit and expenses incurred herein; and

3      15.    For such other and further relief as the Court deems just and proper.

4      Dated: October 17, 2014                    THE TURLEY LAW FIRM

5

6                                                 _____

7                                                 William Turley, Esq.
                                                  David Mara, Esq.
8                                                 Representing Plaintiff DOUGLAS THOMPSON
                                                  on behalf of himself and all others similarly
9                                                 situated, and on behalf of the general public

10

11

12

13     F:\ACLIENTS\Class Actions\Costco\Pleadings\Complaint.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq. (SBN 122408); David Mara, Esq. (SBN 230498)<br>The Turley Law Firm, APLC<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 234-2833    FAX NO.: (619)234-4048<br>ATTORNEY FOR *(Name):* Plaintiff Douglas Thompson | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/17/2014** at 03:39:50 PM<br><br>Clerk of the Superior Court<br>By Calvin Beutler, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

| CASE NAME:<br>Douglas Thompson v Costco Wholesale Corporation and DOES 1-100 | |
|---|---|
| **CIVIL CASE COVER SHEET**    Complex Case Designation | CASE NUMBER:<br>37-2014-00035493-CU-OE-CTL |
| [✓] Unlimited   [ ] Limited    [ ] Counter   [ ] Joinder<br>(Amount    (Amount<br>demanded    demanded is    Filed with first appearance by defendant<br>exceeds $25,000)   $25,000 or less)    (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Judith F. Hayes<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | condemnation (14) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Petition re: arbitration award (11) | |
| [✓] Other employment (15) | [ ] Writ of mandate (02) | |
| | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 17, 2014
William Turley, Esq.
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):    Douglas Thompson

DEFENDANT(S) / RESPONDENT(S):    Costco Wholesale Corporation

DOUGLAS THOMPSON VS. COSTCO WHOLESALE CORPORATION [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00035493-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   Judith F. Hayes                                    Department: C-68

### COMPLAINT/PETITION FILED: 10/17/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/12/2015 | 10:00 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

F I L E D
Clerk of the Superior Court

MAY 1 4 2014

By: ELAINE SABLAN, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 051414

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project").  Phase Two of the Program involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and

Construction Defect Cases.  Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. Electronic Filing under Phase Four of the Program expanded electronic filing to include **mandatory** E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider.  Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider, One Legal, will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve).  As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress.

Phase Five of the program expands electronic filing to include permissive E-Filing in Civil cases in the North County Division through the court's E-File Service Provider effective June 30, 2014.  This General Order relates to Phase Five, and supplements General Orders:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*  Further information on these initiatives can be found on the court's website at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS:**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall

1   be deemed to have been filed on the next court day.

2       Additional and more specific information on electronic filing can be found on the

3   court's website.

4       This Order shall expire on December 31, 2014, unless otherwise ordered by this

5   court.

6       IT IS SO ORDERED.

7

8   Dated: May 14, 2014

DAVID J. DANIELSEN
PRESIDING JUDGE

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC", rules 2.250 et.seq., Code of Civil Procedure §1010.6, and San Diego Superior Court General Order: In Re Procedures Regarding Electronic Filing.

Effective November 1, 2013, document that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013,** documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.  **Effective June 30, 2014,** documents **may be filed electronically** in non-mandated civil cases in the North County Division where either: (1) the case is first initiated on or after June 30, 2014; or (2) the case is already pending as of June 29, 2014 <u>and</u> has been imaged by the court.

Revised August 28, 2014

**MANDATORY eFILING**

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.40 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.

Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing and Service Provider, One Legal. Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Court's internal CD/JCCP Document viewer kiosk located in the Civil Business Office, Room 225 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically,** subject to the exceptions set forth below. All documents electronically filed in a mandatory eFile Construction Defect / JCCP case must be electronically served on all parties in the case pursuant to CRC 2.251(c).

The court will maintain and make available an official electronic service list in Construction Defect / JCCP cases through One Legal. This is the service list that the court will use to serve documents on the parties. (See CRC 2.251(d).) It is the responsibility of the parties to provide One Legal their correct contact information for the service list in each eFiled case in which they are involved no later than July 7, 2014.

Revised August 28, 2014

New parties who enter a case must provide One Legal with their electronic service address for that case within 7 days of joining the case. All parties must notify One Legal of any changes to that address, within 7 days of the change, should a change occur during the pendency of the action. (See CRC 2.251(f)(1).) Failure to keep the official list updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

For cases of the type subject to mandatory eFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing and/or service requirements. This request must be in writing and may be made by ex-parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile or electronically serve documents in a mandatory eFile case; however, they may eFile and electronically serve documents if they choose to do so and/or are otherwise ordered to eFile and/or electronically serve documents by the court.

### REQUIREMENTS FOR ALL eFILERS

eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider"). See www.onelegal.com.

Revised August 28, 2014

eFilers must comply with CRC 2.250 – 2.261.  Also, all documents electronically filed must be in a text searchable format, i.e., OCR.  The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

eFilers are required to enter all parties listed on the document being filed, if the party is not already a part of the case.  (If the filer is submitting a new complaint, ALL parties must be entered.)  If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site.  Documents not so bookmarked are subject to rejection.  Moving papers with exhibits that are not bookmarked will be rejected.  (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID # noted in the upper right hand corner.

All documents must be uploaded as individual documents within the same transaction, unless filing a Motion. [Example:  A Request to Waive Court Fees must be uploaded separately from the document to which it applies, i.e. complaint, answer or other responsive pleading, motion, etc...]  If filing a notice of motion, all documents can be scanned and uploaded as one document under a filing that most closely captures the type of motion.  All filings and exhibits within these filings must be bookmarked.

Revised August 28, 2014

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings.  Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3).  Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Electronically filed documents must be correctly named and/or categorized by Document Type.  The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue.  Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in processing of the transaction.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised August 28, 2014

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so.  Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

## DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC §2924j

Revised August 28, 2014

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised August 28, 2014

F I L E D
Clerk of the Superior Court

MAY 1 4 2014

By: ELAINE SABLAN, Deputy

1
2
3
4
5
6
7
8        THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF SAN DIEGO
10
11   IN RE PROCEDURES REGARDING          ) GENERAL ORDER OF THE
                                          ) PRESIDING DEPARTMENT
12   ELECTRONIC FILING                    )
                                          ) ORDER NO. 051414
13                                        )
                                          )
14   ─────────────────────────────────── )

15        THIS COURT FINDS AND ORDERS AS FOLLOWS:

16        On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

17   Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and

18   storage, facilitate electronic access to civil court files and, in Phase Two, allow remote

19   electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the

20   Program is to create a paperless or electronic file in all civil cases, as well as in other

21   case categories.

22        Phase One of the Program, described in General Order: *In re Procedures*

23   *Regarding Electronically Imaged Court Records, Electronic Filing, and Access to*

24   *Electronic Court Records,* involved the court's scanning of papers in newly filed cases in

25   designated divisions and departments (the "Imaging Project").  Phase Two of the

26   Program involved the implementation of electronic filing by counsel and parties through

27   the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the

28   Program was limited to the Central Civil Division only and it excluded Probate and

Construction Defect Cases.  Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. Electronic Filing under Phase Four of the Program expanded electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider.  Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider, One Legal, will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve).  As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress.

Phase Five of the program expands electronic filing to include permissive E-Filing in Civil cases in the North County Division through the court's E-File Service Provider effective June 30, 2014.  This General Order relates to Phase Five, and supplements General Orders:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*  Further information on these initiatives can be found on the court's website at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS:**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall

1  be deemed to have been filed on the next court day.

2          Additional and more specific information on electronic filing can be found on the

3  court's website.

4          This Order shall expire on December 31, 2014, unless otherwise ordered by this

5  court.

6          IT IS SO ORDERED.

7

8  Dated: May 14, 2014

DAVID J. DANIELSEN
PRESIDING JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00035493-CU-OE-CTL   CASE TITLE: Douglas Thompson vs. Costco Wholesale Corporation [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827 | |
| BRANCH NAME:         Central | |

PLAINTIFF(S):   Douglas Thompson

DEFENDANT(S):  Costco Wholesale Corporation

SHORT TITLE:      DOUGLAS THOMPSON VS. COSTCO WHOLESALE CORPORATION [E-FILE]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2014-00035493-CU-OE-CTL |
|---|---|

Judge: Judith F. Hayes                                          Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                        ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                          Name of Defendant

_____                    _____
Signature                                                    Signature

_____                    _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                    _____
Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/20/2014                                    _____
                                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                                  ) ss

COUNTY OF LOS ANGELES    )

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On November 20, 2014, I served the within document(s):

**NOTICE BY DEFENDANT, COSTCO WHOLESALE CORPORATION, OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

William Turley, Esq.              *Attorneys for Plaintiff*
David Mara, Esq.
THE TURLEY LAW FIRM, APLC    *Telephone:  (619) 234-2833*
625 Broadway, Suite 635        *Facsimile:  (619) 234-4048*
San Diego, California  92101

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       Executed on November 20, 2014, at Los Angeles, California.

_____
Blanca Guerra

18581942v.1