THE TURLEY & MARA LAW FIRM, APLC
William Turley (SBN 122408)
bturley@turleylawfirm.com
David Mara (SBN 230498)
dmara@turleylawfirm.com
Jill Vecchi (SBN 299333)
jvecchi@turleylawfirm.com
7428 Trade Street
San Diego, CA 92121
Telephone: (619) 234 2833
Facsimile: (619) 234 4048

Attorneys for Plaintiff
DOUGLAS THOMPSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS THOMPSON on behalf of himself, others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 100, Defendants. | Case No.: 14-cv-2778-CAB-WVG<br><br>*Assigned for all purposes to District Judge Hon. Cathy Ann Bencivengo and Magistrate Judge Hon. William V. Gallo*<br><br>**DECLARATION OF DAVID MARA IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: SANCTIONS**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C<br><br>PER CHAMBERS, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT<br><br>Action Initially Filed: October 17, 2014<br>Action Removed: November 20, 2014 |

Case No. 14-CV-2778-CAB-(WVG)
DECLARATION OF DAVID MARA IN RESPONSE TO THE COURT'S OSC RE: SANCTIONS

I, DAVID MARA, declare as follows:

1. I am a partner of The Turley & Mara Law Firm, APLC and counsel of record for Plaintiff in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California, including this District. If called to testify, I could and would competently testify as to the matters contained herein from my personal knowledge.

2. I am responding on behalf of myself and The Turley & Mara Law Firm, APLC to the Court's order that the firm and I show cause as to why the Court "should not impose an appropriate sanction for a violation of Rule 11 by including the FLSA claim in the [Third Amended Complaint]." Sanctions should not issue against either myself or the firm, because we believe no violation of Rule 11 has actually occurred. What appears to have happened was a very poor and inartful explanation of the value and context of the FLSA claims, for which I take full responsibility and offer the Court my sincerest apology.

3. As the following hopefully explains to the Court's satisfaction, the FLSA cause of action for straight and overtime wages pled in the Third Amended Complaint was not and is not meritless and valueless. The FLSA claims for straight and overtime wages were based on the same facts as Plaintiff's straight and overtime wages under California law. The FLSA claims absolutely possessed value on their own. Because the burden of proving wages that were owed under the FLSA is more difficult to meet than under California law, the FLSA claims just possess comparatively less value. As the state claims were threatened by Defendant's preemption defense, the FLSA might have ended up being Plaintiff's and the putative class' only avenue of recovery for unpaid wages if the settlement was not approved and Defendant's preemption defense prevailed. Thus, the FLSA claims, although more difficult to prove than wage claims under California law, had real value.

4. In addition to claims for failure to compensate for all time worked, the initial and all amended complaints allege causes of action for non-compliant meal periods under California law. One of the bases of that cause of action is Plaintiff's contention, which was stated in motion for preliminary approval on pg. 8, lines 8-11, "that Defendant fails to provide duty-free meal…periods to drivers, because Costco allegedly restricts where they can take meal…periods and thus drivers are not free to use the time to go and do as they choose as required under California law."

5. The Plaintiff's claim that he and drivers are not free to take their unpaid meal periods where they want also, in part, forms the basis of his claim that he and other drivers were not compensated for all time worked. In other words, Plaintiff claims that, because Costco restricts where drivers can take meal periods, they are performing work for which they must be compensated. Under California law, this theory of liability is expressly recognized as compensable hours worked. See *Bono Enterprises, Inc. v. Bradshaw*, 32 Cal.App.968, 971 (1995) ("When an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control [and] that employee must be paid.").

6. Plaintiff's claims for uncompensated time are also independently and alternatively based on the theory that Defendant's policies require him and other similarly situated drivers to work with a sense of urgency to complete routes. Under this theory, Plaintiff claims that he and other drivers were provided with too much work that had to be completed in too little of time due to Defendant's policy that they complete their routes with a sense of urgency.

– 2 –    Case No. 14-CV-2778-CAB-(WVG)
DECLARATION OF DAVID MARA IN RESPONSE TO THE COURT'S OSC RE: SANCTIONS

This, too, is a cognizant claim for straight and overtime wages under California law.

7. Although more difficult to prove than under California law, the facts in the case also give rise to potential liability under the FLSA at 29 U.S.C. 201 *et seq*. In the Points and Authorities as well as the Declaration of William Turley in support of Preliminary Approval, it should have been more specifically explained that the FLSA claims absolutely were not meritless.

8. The intent behind inartfully stating that the FLSA claims possessed little to no value was to show that they possessed less comparative value to the wage claims under California law. The wage claims under California law are more liberally construed than under the FLSA. That is, the theories of liability stated above for unpaid straight and overtime wages are more easily proven under California, rather than FLSA, law.

9. Recall that, under California law, if the employer limits where employees can take their unpaid meal periods, the employee is subject to the employer's control and must be paid straight or overtime wages. *Bono Enterprises, Inc. v. Bradshaw*, 32 Cal.App.968, 971 (1995). This is not so under the FLSA, which only requires compensation of straight and overtime wages for off-the-clock work that is "integral and indispensable" to a "principal activity" for which workers are employed. See also, *Bamonte v. City of Mesa*, 598 F.3d 1217, 1222-1223 (2010); *Espinoza v. County of Fresno*, 20111 U.S. Dist. LEXIS 85401, *8 (E.D. Cal. 2011). The principal activities for which Plaintiff and similarly situated Costco drivers are hired include driving trucks and delivering products. Being restricted as to where to take unpaid lunches would be difficult if not impossible to show as relating and being indispensable to driving trucks or delivering products. Thus, under the FLSA, plaintiff's chances of prevailing on this theory would not be as likely as under California law.

10. To prevail on unpaid straight or overtime wages under the FLSA, Plaintiff and the putative class of drivers would be limited to establishing liability under the theory that they are pressured to work through unpaid meal periods due to Defendant's policy that they complete their routes with a sense of urgency. Thus, under the FLSA, Plaintiff's claims for unpaid straight and overtime wages would likely be limited to one theory, instead of the two theories available under California law.

11. This FLSA theory of liability, however, is more difficult to prove than Plaintiff's theory under California law that they were on-duty during meal periods, because Plaintiff claimed Costco limited where he and the putative class could take them. The "pressure" to work through lunch theory is an off-the-clock theory that would require Plaintiff to show Costco knew or should have known the work was being performed. Thus, in addition to being limited to one theory of liability for unpaid wages under the FLSA – whereas he had two under California law – the FLSA theory carried a more difficult burden of proof with it.

12. Again, however, the FLSA claims were not meritless or without value. The FLSA wage claims' biggest value lies in the fact that they may have ended up being Plaintiff's only avenue to recover unpaid wages in the event the settlement was not approved and further litigation ensued. Defendant pled Federal Aviation Administration Authorization Act ("FAAAA") preemption in its Fourteenth Affirmative Defense to both Plaintiff's Second and Third Amended Complaints. Under the FAAAA, Plaintiff's wage claims brought under California law may be preempted if they are sufficiently related to prices, routes, or services of a motor carrier. One of Defendant's arguments here was that Plaintiff's wage claims under California law were preempted by the FAAAA as impacting Defendant's prices, routes, or services. Although Plaintiff

vehemently denied such preemption lies, it was an affirmative defense that, if the FLSA claims were not included, would leave Plaintiff and the putative class of drivers without any right to recover wages in the event it prevailed on that Defense.

13. Where the papers supporting preliminary approval regrettably failed was in failing to adequately express the context of the FLSA claims and their comparative value. The FLSA claims simply do not have the same comparative value as the state claims, which have more liberal burdens of proof and available theories of liability. In other words, the FLSA claims, because of the more limited theories of recovery and higher burdens of proof, are just more difficult to recover under than under California law. However, as the state claims were threatened by a preemption defense, the FLSA claims would be the only way Plaintiff and the putative class would be able to recover.

14. Finally, it is important to note that if Plaintiff were successful in proving liability under both the FLSA and California law for unpaid wages, Plaintiff and the putative class would not recover twice. The exposure for unpaid wages Plaintiff claims he and the putative class are owed would be the same if he proved liability under the FLSA, California law, *or both*. Plaintiff and the putative class cannot get double their wages owed by proving liability under both the California and FLSA regime. If Plaintiff prevailed under either or both regimes, he and the putative would recover the same thing - a half hours' worth of wages that were deducted for meal periods. The FLSA claims, then, would not increase the potential recovery; they simply add an additional, albeit more difficult, mode of recovery.

15. Based on the foregoing, I and The Turley & Mara Law Firm, APLC, respectfully request the Court not issue any sanctions for a Rule 11 violation. It is further requested that the Court expand the record beyond the preliminary

approval motion and supporting papers to include this Declaration and rule that Rule 11 has not been violated, as Plaintiff has not filed a complaint for meritless claims under the FLSA. Finally, I hope the Court will accept my apology for not being at all clear in Plaintiff's preliminary approval papers as to the context and value of the FLSA claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 3, 2017

THE TURLEY & MARA LAW FIRM, APLC

By: /s/ *David Mara*
David Mara, Esq.
Attorney for Plaintiff
Douglas Thompson