UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS THOMPSON on behalf of himself, others similarly situated, and the general public,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 14-cv-2778-CAB-WVG<br><br>**ORDER DENYING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 64] |

　　　　This matter is before the Court on Plaintiff's second attempt to obtain approval of a class action and FLSA collective action settlement with Defendant Costco Wholesale Corporation ("Costco").  The Court denied Plaintiff's first attempt primarily because it wholly ignored to distinctions between the Rule 23 class and the FLSA collective that the named plaintiff and counsel seek to represent.  Among other things, the settlement did not have a proper opt-in procedure for the FLSA collective and would have required Rule 23 class members to release FLSA claims in exchange for no consideration simply to participate in the settlement of the Rule 23 class claims.  Although this renewed motion corrects some of the shortcomings of the original settlement by creating a separate settlement fund for the FLSA collective and including an appropriate opt-in procedure for

the FLSA collective, the release language remains inadequate. Accordingly, Plaintiff's motion is once again denied.

First, although the settlement agreement contains a separate release of FLSA claims for participating collective members [Doc. No. 64-1 at 36], it still defines the "Released Claims" by participating class members as including "any claims under federal law and state law" that could have been alleged. [Doc. No. 64-1 at 35.] The FLSA, of course, is a federal statute. Thus, participating class members would be releasing FLSA claims regardless of whether they participate in the collective. This is impermissible. Accordingly, the parties must specify that FLSA claims are not included within the definition of Released Claims.

Second, the section of the agreement with the heading "Release of Claims by Participating Class Members" contains the following sentence: "The Parties stipulate that Costco shall not owe, beyond the amount of the Gross Settlement Fund, any further monies to the Settlement Class or to the State of California based upon the claims made in the Lawsuit during the Settlement Period." [Doc. No. 64-1 at 36.] FLSA claims were made in this lawsuit. Thus, this stipulation effectively amounts to a release of FLSA claims by Rule 23 class members, regardless of whether they opted in to the FLSA collective.

Third, the motion itself and the Turley declaration both state that "the procedures adopted under the Agreement will operate as a release of any FLSA claim by those Settlement Class Members who cash, deposit, or endorse settlement checks." [Doc. No. 64 at 19; 64-1 at 11, ¶ 36.] There is no citation to a provision in the Agreement that leads to this result, but if this is the intent of the settlement, it is impermissible. The only individuals who should be releasing any FLSA claim should be those who have opted in to the FLSA collective.

These deficiencies further underscore the difficulty (if not impossibility) of maintaining a Rule 23 class action and an FLSA collective action in the same lawsuit. *Cf. Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1093 (9th Cir. 2011) (declining to review the district court's holding that a Rule 23 class action and FLSA collective action cannot co-

exist, because the plaintiff abandoned the FLSA claim). Ultimately, however, any effort to settle the claims of a Rule 23 class as well as FLSA claims in a collective manner using only one settlement agreement must account for these differences. Although the parties may choose the language to remedy these deficiencies, the easiest way to do so might be to include an express statement in the release that notwithstanding any other terms in the agreement, participating class members who do not opt-in to the FLSA collective do not release any FLSA claims against Costco.

In light of the above, it is hereby **ORDERED** that Plaintiff's Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement is **DENIED**. Plaintiff may file a renewed motion for preliminary approval on or before **May 10, 2017**.

It is **SO ORDERED**.

Dated: April 26, 2017

Hon. Cathy Ann Bencivengo
United States District Judge